J-S34036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :  PENNSYLVANIA
                                              :

v.  :

                                              :

ANDRE MICHAEL DILLARD II  :

                                              :

         Appellant  :  No. 195 MDA 2021

Appeal from the Judgment of Sentence Entered January 12, 2021
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002177-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:  **FILED: DECEMBER 1, 2021**

Andre Michael Dillard II (Appellant) appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas following his guilty plea to one count each of involuntary deviate sexual intercourse (IDSI) and indecent assault[1] for the sexual abuse of his 14-year old sister-in-law.  Contemporaneous with this appeal, Appellant's counsel, Sean Owen, Esquire, has filed a petition to withdraw from representation and an **Anders** brief.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago** 978 A.2d 349 (Pa. 2009).  The **Anders** brief presents a claim that challenges the discretionary aspects of Appellant's sentence, and questions whether Appellant should be permitted to withdraw his guilty plea.[2]  For the

---

[1] 18 Pa.C.S. §§ 3123(a)(7), 3126(a)(8).

[2] The Commonwealth has not filed a responsive brief.

reasons below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Appellant's guilty plea were summarized at his plea hearing as follows:

> [O]n June 9, 2019, in Hampden Township, police were dispatched to a residence and were advised by Danielle Dillard[, Appellant's wife,] that she found a video on [Appellant's] phone that depicted her 14-year-old sister performing oral sex on [Appellant].
>
> Danielle Dillard, the person who called the police, was able to identify both [Appellant] and the 14-year-old victim. When there was [an] interview done, the 14-year-old did advise that after school on several occasions between January 1 and June 9, 2019, [Appellant] would approach her, force her to look at his penis, touch his penis, and force her to perform oral sex on him.

N.T. Guilty Plea H'rg, 7/29/20, at 2; Affidavit of Probable Cause, 7/22/19, at 6.

Appellant was charged with IDSI (victim less than 16 years old), indecent assault (victim less than 16 years old and defendant four or more years older), corruption of minors, sexual abuse of children, and unlawful contact with a minor.[3] On July 29, 2020, Appellant, represented by Attorney Owen, entered a negotiated guilty plea to one count each of IDSI and indecent assault. In exchange for the plea, the Commonwealth agreed to forgo a mandatory minimum sentence of 25 years' imprisonment,[4] and recommend a

---

[3] 18 Pa.C.S. §§ 6301(a)(1)(ii), 6312(b)(2), 6318(a)(1).

[4] Appellant was on parole for a prior sex offense at the time he committed the instant crime. N.T., Guilty Plea H'rg, at 3; N.T. Sentencing 1/12/21, at 2.
*(Footnote Continued Next Page)*

sentence of 7 to 14 years for IDSI, followed by a consecutive term of two years' probation for indecent assault. Prior to sentencing, the trial court ordered both a pre-sentence investigation report, and an assessment by the Sexual Offenders Assessment Board (SOAB) to determine if Appellant met the criteria for classification as a sexually violent predator under the Sexual Offenders Registration and Notification Act (SORNA).[5]

On January 12, 2021, the trial court imposed the agreed-upon sentence of 7 to 14 years' imprisonment followed by two years' probation. N.T., Sentencing H'rg, at 7. Although the SOAB determined Appellant did not meet the criteria for classification as a sexually violent predator, Appellant was a Tier III offender under SORNA[6] and informed of his requirements to register as a sexual offender for his lifetime. *Id.* at 2, 8-12. This timely appeal followed.[7] Attorney Owen also complied with the trial court's directive to file a concise statement of errors complained of on appeal.

_____

*See* 42 Pa.C.S. § 9718.2(a) (mandatory minimum 25 years' imprisonment for person convicted of second sexual offense). The Commonwealth explained that the "agreement to not seek the mandatory [sentence] was at the request of the victim's family[.]" N.T., Guilty Plea H'rg, at 4.

[5] *See* 42 Pa.C.S. §§ 9799.10-9799.75. *See also* 42 Pa.C.S. § 9799.24 (Assessments).

[6] *See* 42 Pa.C.S. §§ 9799.14(d) (IDSI is Tier III offense), 9799.15(a)(3) (Tier III offender must register for life).

[7] On January 22, 2021, the trial court docketed a *pro se* letter from Appellant, stating he would "like to appeal [his] sentence and plea agreement." Appellant's Letter, 1/22/21. The court entered an order on January 29th,
*(Footnote Continued Next Page)*

When, as here, counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal

> must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting Santiago*, 978 A.2d at 361.

In the present case, the brief and petition to withdraw filed by Attorney Owen comply with the requirements of *Anders* and *Santiago*. *See Cartrette*, 83 A.3d at 1032. Moreover, Attorney Owen has provided this

---

directing Attorney Owen to "take any actions necessary to perfect the appeal within statutory timeframes." Order, 1/29/21. Attorney Owen filed a timely notice of appeal on February 11, 2021.

Court with a copy of the letter he sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*, and to raise any additional points for this Court's attention. **See** Attorney Owen's letter to Appellant, 8/24/21. Appellant has not filed a response. Therefore, we proceed to examine the issues identified in the **Anders** brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted). If we agree with counsel's assessment, "[we] may grant counsel's request to withdraw and dismiss the appeal[.]" **Id.** (citation omitted).

The **Anders** brief identifies two potential claims for our review: (1) the sentence imposed by the trial court was an abuse of discretion, and (2) Appellant should be permitted to withdraw his plea. **See Anders** Brief at 12, 15. Upon our review, we conclude both of these claims are waived, as well as meritless.

Preliminarily, we note:

Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.

**Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017). Nevertheless, a defendant who enters an open plea, absent an agreed-upon sentence, may challenge the discretionary aspects of their sentence on appeal. **Commonwealth v. Luketic**, 162 A.3d 1149, 1159 (Pa. Super. 2017).

Because a defendant is not entitled to appeal the discretionary aspects of their sentence as of right, in order to do so, they must comply with certain requirements, including, *inter alia*, preserving the claim during the sentencing hearing or in a post-sentence motion. ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*).

Similarly:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609–10 (Pa. Super. 2013).

Here, Appellant failed to challenge either the voluntariness of his guilty plea or the excessiveness of his sentence during his guilty plea or sentencing hearings, or in a post-sentence motion. Thus, on that basis alone, Appellant's claims are waived.[8]

Furthermore, as the trial court explains in its opinion, Appellant's sentence was an agreed-upon component of the plea bargain. ***See*** Trial Ct. Op., 4/9/21, at 3-6. The court opined that, although "the sentencing agreement was variably referred to during the guilty plea proceeding as a sentencing recommendation, a 'set sentence,' and an agreed-upon sentence,

---

[8] We note, too, that Appellant did not challenge his guilty plea in his court-ordered Rule 1925(b) statement. ***See*** Appellant's Concise Statement of the Errors Complained of on Appeal, 3/10/21. Thus, on that basis too, his claim is now waived. ***See*** Pa.R.A.P. 1925(b)(4)(iv) (issues not included in court-ordered statement are waived).

- 6 -

. . . [the court's] imposition of the very sentence Appellant requested makes the distinction [one] without a difference." *Id.* at 4 (footnote omitted). Indeed, as part of the plea agreement, the Commonwealth agreed **not** to seek a mandatory minimum sentence of 25 years' imprisonment. Thus, any challenge to the sentence imposed as part of the plea agreement is both waived and meritless.

We also note that Appellant provides no basis to withdraw his guilty plea. A defendant who seeks to withdraw a guilty plea after sentencing "must make a showing of prejudice which resulted in a 'manifest injustice.'" *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citation omitted). Furthermore:

> Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. Consequently, defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements.

*Id.*

> It is well-settled that:
>
> "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination.

*Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations omitted); *see* Pa.R.Crim.P. 590, Comment.

Here, the record reveals the trial court conducted an oral colloquy with Appellant at the guilty plea hearing. The trial court reviewed — and Appellant affirmed he understood — the nature of the charges, the factual basis for his plea, the fact that the Commonwealth had the burden of proof, the maximum sentence he could receive, and the fact that the Commonwealth agreed to a sentence of 7 to 14 years' imprisonment, followed by two years' probation in lieu of an applicable 25-year mandatory minimum sentence. *See* N.T., Guilty Plea H'rg, at 4-5. Further, both Appellant and Attorney Owen confirmed that Attorney Owen reviewed a written guilty plea colloquy with Appellant prior to the hearing. *See id.* at 6. The written colloquy informed Appellant that by pleading guilty, he was giving up his right to a jury trial, as well as his right to present any possible defenses.[9] *See* Appellant's Guilty Plea Colloquy, 7/29/20, at 2. Thus, our review of both the written and oral plea colloquies provides no basis for invalidating Appellant's plea.

---

[9] As the trial court notes in its opinion, Appellant did not sign the written plea colloquy. *See* Trial Ct. Op. at 6 n.16. Rather, on the line where Appellant's signature was required is the word "(video)." Appellant's Guilty Plea Colloquy at 3. However, the court determined the lack of a signature did not invalidate the colloquy under the circumstances presented herein:

> Given Appellant's assertion at the oral colloquy . . . that he went over his legal rights with counsel and had no further questions about his rights, and [Attorney Owen's] assertion in Appellant's presence that he reviewed the colloquy with Appellant, and given the current time limits imposed on coordinating with prisons to obtain signatures from inmates due to COVID-19, we found the written colloquy valid.

Trial Ct. Op. at 6 n.16. *See* N.T., Guilty Plea H'rg, at 6. We agree.

Therefore, the claims presented in the **Anders** brief are both waived and meritless. Moreover, our independent review of the record reveals no non-frivolous issues to be raised on appeal. Accordingly, we grant Attorney Owen's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2021